IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE EDWARDO BUCIO-SANCHEZ,<br><br>    Defendant. | No. CR06-4069-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS FOR IMPROPER VENUE** |

_____

The defendant Jose Edwardo Bucio-Sanchez ("Bucio") has filed a motion (Doc. No. 24) to dismiss this action for improper venue. Bucio is charged with one count of conspiracy to distribute methamphetamine, and one count of possession of methamphetamine with intent to distribute. (*See* Doc. No. 3, Indictment) Bucio argues the facts upon which the Indictment is based fail to demonstrate that he committed a crime within the Northern District of Iowa, that he ever was in Iowa, or that he even knows codefendant Jorge Valdivia. The plaintiff (the "Government") resists the motion. (Doc. No. 31)

Bucio recites the following facts in support of his motion:

> Jose Bucio and Jorge Valdivia are not acquainted. They have not knowingly and unlawfully combined, conspired, or confederated, and agreed with each other to commit any crime.
>
> Law enforcement officers conducted a traffic stop of [Bucio] in Nebraska. During the traffic stop federal officers called Mr. Bucio's [] cell phone located in Mr. Bucio's vehicle.
>
> While [Bucio] was in South Sioux City, Nebraska he was again stopped by law enforcement in Nebraska and this time arrested pursuant to Nebraska law relating to driver[']s license.
>
> All contact between Defendant Bucio and law enforcement . . . occurred in Nebraska [and] at no time was he in Iowa.

>The government does possess records of a phone toll where in [sic] approximately 40 calls were made from a phone found in possession of Javier Lopez-Montejano to Jorge Valdivia.
>
>Lopez-Montejano is allegedly the Defendant Bucio's acquaintance in Wakefield, Nebraska. Lopez-Montejano was contacted and arrested by law enforcement in Wakefield, Nebraska.
>
>Pedro Sanchez-Rodriguez allegedly introduced the government[']s Confidential Source (CS) to Bucio. The government's CS claims to have met Bucio in South Sioux City, Nebraska at a restaurant called DeAndas. However, the record is void of any evidence suggesting that any meetings ever took place in Iowa. Similarly, the record is void of any evidence suggesting that Bucio reached into Iowa to contact the CS or that the CS contacted Bucio from Iowa. Finally, the record is void of any evidence of Bucio dispensing controlled substance[s] to the CS which were later transported into Iowa.

(Doc. No. 24, ¶¶ 3-9).

The Government offers the following brief version of the underlying facts:

>On June 22, 2006, law enforcement arrested co-defendant Jorge Valdivia in Sioux City, Iowa during a controlled buy. Valdivia told the officers that he obtained the methamphetamine he sold to them from [Bucio] in South Sioux City, Nebraska. In an attempt to cooperate with law enforcement, Valdivia made a phone call to [Bucio] and asked [Bucio] to meet Valdivia in South Sioux City to pay [Bucio] for the methamphetamine. When [Bucio] arrived at the agreed location, [Bucio] was arrested.

(Doc. No. 31, p. 1).

As the Eighth Circuit Court of Appeals has held:

>"Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998) (brackets, citations, and internal quotations omitted). A

2

> violation of federal law may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "Furthermore, although separate proof of an overt act is not a necessary element of a drug conspiracy under 21 U.S.C. § 842, venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *Romero*, 150 F.3d at 824 (citations and internal quotations omitted).

*United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006). "The Government bears the burden to prove venue by a preponderance of the evidence." *United States v. Moeckly*, 769 F.2d 453, 460 (8th Cir. 1985) (citing *United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir. 1985) (per curiam)).

In the present case, the issue of proper venue rises and falls on the facts to be proven at trial. The Government claims Bucio was arrested in Nebraska when he arrived to collect money owed to him on a drug debt for drugs that allegedly were obtained from Bucio in Nebraska, and then were sold, during a controlled buy, in Iowa. Bucio, on the other hand, alleges there is no evidence that he dispensed controlled substances to the Government's source that were transported into Iowa. These are factual questions for determination by the jury at the time of trial. *See id.* (citing *United States v. Black Cloud*, 590 F.2d 270 (8th Cir. 1979)).

The undersigned respectfully recommends the motion to dismiss be denied, without prejudice to reassertion at the time of trial, with an appropriate instruction on venue should the trial court determine the facts warrant such an instruction.

Objections to this recommendation must be filed by **November 2, 2006**. Responses to objections, if any, must be filed by **November 7, 2006**.

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT