# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JOSE EDUARDO BUCIO-SANCHEZ,<br><br>   Defendant. | No. CR06-4069-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On July 27, 2006, an indictment was returned against defendant Jose Eduardo Bucio-Sanchez charging him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant Bucio-Sanchez has filed a Motion To Dismiss in which he asserts that the indictment should be dismissed for improper venue. Defendant Bucio-Sanchez's Motion To Dismiss was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On October 26, 2006, Judge Zoss filed a Report and Recommendation in which he recommended that defendant Bucio-Sanchez's Motion To Dismiss be denied without prejudice to reassertion at the time of trial. Judge Zoss concluded that because the issue of proper venue rises and falls on hotly contested questions of fact in this case, these facts were questions for determination by the jury at the time of trial. Accordingly, Judge Zoss recommended that defendant Bucio-Sanchez's Motion To Dismiss be denied without prejudice to reassertion at the time of trial.

Defendant Bucio-Sanchez has filed an objection to Judge Zoss's Report and Recommendation. The government has not filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Bucio-Sanchez's Motion To Dismiss.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where

such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Bucio-Sanchez has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Bucio-Sanchez's Motion To Dismiss.

### *B. Defendant's Objection To Report And Recommendation*

Defendant Bucio-Sanchez objects to the conclusion reached by Judge Zoss with respect to his Motion To Dismiss. The gist of his objection is that the government should be required to establish pre-trial that venue in this district is proper. The government asserts that it will establish at trial that on June 22, 2006, law enforcement officers arrested co-defendant Jorge Valdivia in Sioux City, Iowa, during a controlled buy. Valdivia allegedly told the officers that he obtained the methamphetamine he sold to them from defendant Bucio-Sanchez in South Sioux City, Nebraska. In an attempt to cooperate with law enforcement, Valdivia telephoned Bucio-Sanchez and asked Bucio-Sanchez to meet Valdivia in South Sioux City to pay Bucio-Sanchez for the methamphetamine. When Bucio-Sanchez arrived at the agreed location, Bucio-Sanchez was arrested. Defendant Bucio-Sanchez contends in his objection that the information contained in the discovery file does not support these allegations.

"'Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure.'" *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006) (quoting *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998)); *accord United States v. Johnson*, 462 F.3d

815, 819 (8th Cir. 2006). It is settled law that venue on a conspiracy charge may be laid "in any district in which a conspirator performs an overt act in furtherance of the conspiracy or performs acts that effectuate the object of the conspiracy," even if the defendant charged with the conspiracy never entered the district. *See Hyde v. United States*, 225 U.S. 347, 356-57 (1912); *Morales*, 445 F.3d at 1084 (noting that "'although separate proof of an overt act is not a necessary element of a drug conspiracy under 21 U.S.C. § 846 , venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.'") (quoting *Romero*, 150 F.3d at 824) (citations and internal quotations omitted)); *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995) (holding that venue is proper in a conspiracy case "'in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.'")) (quoting *United States v. Bonadonna*, 775 F.2d 949, 955 (8th Cir. 1985)); *United States v. Moeckly*, 769 F.2d 453 (8th Cir. 1985) (holding in case, where drug indictment alleged charged six of 20 overt acts that concerned or occurred in Minnesota, "[p]roof of any of these overt acts makes venue in Minnesota proper."); *United States v. Overshon*, 494 F.2d 894 (8th Cir.) (noting that "venue as to prosecution of all members of a conspiracy lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators."), *cert. denied*, 419 U.S. 853 (1974); *see also United States v. Ochoa*, 229 F.3d 631, 636 (7th Cir. 2000) (stating rule that a conspiracy charge may be tried in any district in which an overt act of conspiracy occurred); *United States v. Dabbs*, 134 F.3d 1071, 1078 (11th Cir. 1998) (holding that in a conspiracy case venue lies where the conspiracy agreement was formed or in any jurisdiction where an overt act in furtherance of the conspiracy was committed by any of the conspirators); *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994)

(holding that defendant can be prosecuted in any district in which the conspiracy began, continued, or was completed, even if defendant has never set foot in that district). The rationale of this rule is that because conspiracy is a continuing offense, *Hyde*, 225 U.S. at 363, venue is proper "'in any district in which such offense was begun, continued, or completed.'" *Johnson*, 462 F.3d at 819 (quoting *Romero*, 150 F.3d at 824 (quoting in turn 18 U.S.C. § 3237(a)). Although a drug conspiracy under 21 U.S.C. § 846 is complete at the moment the agreement is made, because no overt act need be proved for conviction, it nonetheless continues, for purposes of venue, so long as any conspirator does an act in furtherance of the conspiracy. *See Morales*, 445 F.3d at 1084.

Here, the government contends that defendant Bucio-Sanchez was a co-conspirator with Valdivia and that Valdivia, in furtherance of the conspiracy, traveled to Sioux City in order to distribute methamphetamine. Because this overt act, if proven to be true, took place within the Northern District of Iowa, venue would be proper here. Although defendant Bucio-Sanchez hotly contests any association with Valdivia, "'[v]enue is ordinarily a question of fact for the jury to decide.'" *Bascope-Zurita*, 68 F.3d at 1062 (quoting *United States v. Redfearn*, 906 F.2d 352, 354 (8th Cir. 1990)).[1] Because the facts determining venue are disputed in this case, resolution of the issue of venue is a question for the jury to determine at the time of trial.[2] Therefore, the court overrules defendant

---

[1] A district court may resolve the issue of venue as a matter of law only in those instances where the relevant facts to determining venue are not disputed. *Bascope-Zurita*, 68 F.3d at 1062 (quoting *Redfearn*, 906 F.2d at 354).

[2] "'The government bears the burden of proving venue by a preponderance of the evidence.'" *Johnson*, 462 F.3d at 819 (quoting *Bascope-Zurita*, 68 F.3d at 1062); *see United States v. Moeckly*, 769 F.2d 453 (8th Cir. 1985); *United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir. 1985); *see also United States v. Al Talib*, 55 F.3d 923, 928 (4th Cir.
(continued…)

Bucio-Sanchez's objection and denies defendant Bucio-Sanchez's Motion To Dismiss without prejudice to its reassertion at the time of trial.

### III.  CONCLUSION

Therefore, for the reasons set out above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Report and Recommendation and **denies** defendant Bucio-Sanchez's Motion To Dismiss without prejudice to its reassertion at the time of trial.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

²(…continued)
1995); *United States v. Lam Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991)