# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE EDUARDO BUCIO-SANCHEZ,<br><br>Defendant. | No. CR06-4069-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

———————————

## I. INTRODUCTION AND BACKGROUND

On July 27, 2006, an indictment was returned against defendant Jose Eduardo Bucio-Sanchez charging him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant Bucio-Sanchez has filed a Motion To Suppress in which he seeks to suppress evidence of a telephone call made to his cellphone during a traffic stop, as well as evidence seized during a search of a trailer house he shared with another individual. Defendant Bucio-Sanchez's Motion To Suppress was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing and then, on January 3, 2007, filed a Report and Recommendation in which he recommended that defendant Bucio-Sanchez's Motion To Suppress be denied. Judge Zoss concluded that defendant Bucio-Sanchez's vehicle was lawfully stopped by a Nebraska State Trooper after he observed defendant Bucio-Sanchez commit a traffic violation. Judge Zoss further found that even if the trooper's retrieval of

defendant Bucio-Sanchez's cellphone was unlawful, the evidence is nevertheless admissible pursuant to the doctrine of inevitable discovery. Judge Zoss also found that law enforcement officers were justified in their making a protective sweep of a trailer house defendant Bucio-Sanchez shared with another individual. In addition, Judge Zoss concluded that the other individual who shared the trailer house with defendant Bucio-Sanchez consented to a search of it, and that the officers could reasonably conclude that he had common authority over the trailer house, except for defendant Bucio-Sanchez's bedroom. However, with respect to defendant Bucio-Sanchez's bedroom, Judge Zoss concluded that the officers observed the currency there in plain view during their protective sweep of the trailer house and that, as a result, the officers could seize the currency as evidence without a warrant. Accordingly, Judge Zoss recommended that defendant Bucio-Sanchez's Motion To Suppress be denied. Neither the government nor defendant Bucio-Sanchez have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing

28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of January 3, 2007, and orders that defendant Bucio-Sanchez's Motion To Suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 16th day of January, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA